July 26, 1920. The opinion of the Court was delivered by
This is an action for the recovery of damages alleged to have been sustained by the plaintiff, through the wrongful acts of the defendants, and was commenced on the _____ day of July, 1919.
The complaint contains these allegations:
"That on or about the 28th day of April, 1919, the plaintiff was struck and injured at a public crossing and traveled place within the corporate limits of the town of Denmark, in the county of Bamberg, S.C. by a locomotive with a train of freight cars attached thereto, operated, controlled, and managed by the defendants. And the plaintiff's injuries were caused by the joint and concurrent, negligent, reckless, and wanton conduct and management of the said locomotive, engine and train by the defendant, in that said defendants caused said engine and train to approach the said public crossing in utter disregard of human life, without ringing the bell or sounding the whistle of the said locomotive engine, as required by the statutory law of the State of South Carolina, and without ringing the said bell or sounding the whistle at all, without having a flagman at said crossing, and without observing any care or caution whatsoever, immediately after defendants had caused another freight train, being between plaintiff and the train above mentioned, to move across in the opposite direction and clear the said public crossing, the place where plaintiff was traveling, and then and there negligently, recklessly, wantonly and wilfully caused the said locomotive engine to strike and injure plaintiff as he was crossing the said public street." *Page 144 
The defendant denied the allegations of the complaint, and set up the defenses of contributory negligence and recklessness on the part of the plaintiff. The jury rendered a verdict in favor of the plaintiff for $20,000, and the defendants appealed upon exceptions, which will be reported.
First exception: It is alleged in the complaint: "That the defendant, Walker D. Hines, Director General of Railroads, is now and at the times hereinafter was, in possession of, in control of, and operating the lines of railroad of the Atlantic Coast Line Railroad Company."
Therefore the grounds upon which the defendant made the motion for a nonsuit appeared upon the face of the complaint. In the case of Castle v. Ry., 99 S.E. 846, the defendant therein gave notice of a motion to set aside the service of the summons and complaint on the grounds that the said corporation was not liable to be sued in that action, and that the alleged agent upon whom the service was made was not an agent of the defendant, but was an agent of the United States government at the time of the alleged service. No objection was interposed therein, that such was not the proper remedy, which was not followed in the present case; nor was a demurrer interposed, on the ground that the allegations of the complaint were not sufficient to constitute a cause of action against it. Under these circumstances the defendant herein must be held to have waived the objection upon which it relied. Furthermore there was no prejudicial error, as his Honor, the presiding Judge, charged upon request of the defendants:
"That as between the defendants, Atlantic Coast Line Railroad Company and Walker D. Hines, Director General of Railroads, any amount which the plaintiff might recover in this case, if paid at all, as a matter of law, must and will be paid by the United States government, and not by the Atlantic Coast Line Railway Company." *Page 145 
Second exception: There was testimony tending to sustain all the material allegations of the complaint, and when considered in connection with the testimony introduced by the defendants, it was still susceptible of a reasonable inference in favor of the plaintiff.
Third, fourth, fifth, and sixth exceptions: What we have already said practically disposes of these exceptions.
The defendants also appealed from the order of his Honor, the Circuit Judge, settling the case for appeal to the Supreme Court, on the ground that unnecessary matters were required to be printed. The record contains 44 pages, the exceptions are about 5 pages, and the charge and the requests of the plaintiff and defendants which were charged contain about 15 pages, which were entirely unnecessary. Therefore the plaintiff is not entitled to tax disbursements for printing the record, or any part thereof, against the defendants. This appeal is sustained upon the merits of the case.
The judgment of the Circuit Court is affirmed.
MESSRS. JUSTICE WATTS and GAGE concur.